The opinion of the Court teas delivered by

Mr Justice Richardson.

The motion in arrest of judgment is founded upon a supposed inconsistency appearing on the face of the indictment, in stating that the defendant, in July 1823, swore that he saw the crime committed on the 10th of October in the same year; which is inconsistent and impossible, because the 10th October, 1823, had not occurred at the time of the oath taken. No rule in pleading Is clearer or more rational than that the indictment should set forth the facts and circumstances necessary to constitute the supposed crime, without inconsistency or repugnancy. For instance, to state that the' crime had been committed upon •a day yet to come, would be repugnant and render the count void. But this cannot be said of the indictment before us; for it does not state that the defendant swearing in July, 1823, committed the supposed perjury upon the 10th October, but that the defendant committed the perjury in July, by swearing that Reed had done a certain act on the 10th October. For the purpose of considering the question of arrest, we must take •the facts as set forth, and if the defendant did swear that Reed ■committed the act in October, 1823, however inconsistent the evidence may have been, yet the indictment cannot be incorrect in setting it forth precisely as delivered in court from the mouth of the defendant. On the contrary, as a general rule, the greater .ihe departure from such a course, the greater the danger of incorrectness: for though a general account of the words delivered, may not be bad, yet an exact detail, even when superfluous, must be better.' In a word, to describe t!>e act charged just as it happened, cannot be wrong; and if the act consists of supposed false words spoken on oath, the same rule applies and *304 with the same force; the end in view being a correct representation of the fact. The argument used cannot therefore prevail.
It has been further suggested, that perjury cannot be pre-~ dicated of the oath, however false and material, if the defendant ascribed an impossible date to the act charged to have been committed by Reed. But I can perceive no substantial reason for this objection. A witness may through design, inadvertence, or even a careless habit, acquiredin colloquial communication, ascribe an impossible date, and yet relate the material facts with great eflect and without suspicion of falsehood. In speaking of recent occurrences, how often do we hear “the year eighteen,” or “ “ the year twenty,” used for 1818 or 1820; or 1 was born in 70, for 1770, Stc. arising from habit; and not unfrequently such mistakes as the following, “ 1814” in place of “ 1804,” “ 1828” for “ 1818,” arising from inadvertence. Yet it does not follow that the important facts, thus connected with a date literally impossible, become thereby unmeaning and frivolous. Neither the .design nor impression of the speaker can be so easily concealed, of which we cannot have a more perfect example than in the case before-us; for notwithstanding the inconsistency as to time, still every one must feel that if the allegations of the indictment be true, the defendant’s oath was impressive and left a deadly wound upon his neighbour’s reputation.
The next objection is, that Reed was an incompetent witness, because by possibility, he might be indicted for the crime charged by the defendant, and thereby had become interested to render the defendant an incompetent witness, -which he might do by convicting him of perjury — And certainly he may feel a bias arising out of his possible consciousness, or the anticipation of such eventual conse iuences; but his danger is barely possible, at least until an indictment shall have been found against .him. On the other hand, if every defendant could get rid of the evidence, of his prosecutor, by charging him in turn with a felony, I know not how any real felon could be brought to justice, provided he can find out in due time the names of the witnesses against him; for he would -have only to charge eacjh *305 With a crime, and then say that they were all interested to convict him, in order to render him an incompetent witness against themselves. This objection must therefore go to the credit and not to the competency of Reed. Upon the third grotlnd of the want of full testimony, the court is of opinion that a new trial Should be granted without prejudice.
Hill &f Martin, for the motion..
Clark, Solicitor, contra.
Johnson, and Huger, Justices, concurred.